## BATCHELDER *v.* EMERY.

The acts and sayings of an agent may be given in evidence against the principal, only when they come within the scope of his authority as agent.

ASSUMPSIT, on a promissory note, dated December 12, 1846, for $16.68, payable to the plaintiff or order, in three months after date, with interest.

The defence was that the note was without consideration, and was never delivered by the defendants.

A witness for the defendants testified that Batchelder, the plaintiff, told him that he had a note against Emery, (alone) given for a horse-cart; that he had got Mr. Harvey to take the note and see if he could collect it, or have it secured in some way. He had (himself) tried to collect it and could not. Batchelder did not say what Harvey did with the note, or any thing in regard to a new note, or with regard to the defendant Davis.

Another witness, a deputy sheriff, testified that he served the writ in this action; that Mr. Clark, the plaintiff's attorney, or Harvey, delivered him the writ, he did not recollect which; that Batchelder spoke to him about it, and Clark told him that Harvey would show him the property, and he went after Harvey, and got him to go with him to show him the property to be attached.

The defendants then offered to prove declarations made by Harvey, at the time of the service of this writ, in May, 1847, relative to transactions occurring at the date of the note in suit, December 12, 1846.

The court ruled that the evidence introduced by the defendants did not show Harvey to be such an agent of the plaintiff, at the time of the service of the writ in this action, as that his statements then made, in relation to the transactions at the date of the note, were admissible in evidence against the plaintiff.

A verdict was found for the plaintiff, by consent, subject to the opinion of the court. If the foregoing ruling was erroneous, the verdict to be set aside and a new trial granted; otherwise judgment to be rendered on the verdict. And it was ordered that the questions arising on the foregoing case be reserved and assigned for the decision of the justices of the Superior Court of Judicature.

*D. Clark,* for the plaintiff.

*Flanders* and *Morrison,* for the defendants.

GILCHRIST, C. J. If we assume that the object of the defendants was to prove at the trial that the note in suit had been substituted for the one against Emery alone, which Harvey had been employed to collect, and that there were special facts and circumstances which would render this substituted security invalid in the hands of the plaintiffs, as a ground of the present action, the question to be decided is, whether these facts which we have supposed, or any of them, might properly have been proved by declarations or admissions made by Harvey, in May, 1847.

The ground upon which the acts or declarations of an agent are admitted to be given in evidence to bind his principal is, that the agent has directly, or by reasonable implication from the nature of the business he is charged with, the instructions of his principal to perform those acts, or to make those declarations; that they form a part of the business he is employed to transact. As, where an agent is employed to settle with laborers, his admission that a sum is due to one of them is evidence against his principal that such is the fact. 2 Stark. Ev. 57. Such an admission results fairly from the exigencies of the business the agent is employed to transact, and is clearly a part of it, and to every intent the act of the principal himself.

A very different state of facts was presented in *Woods* v. *Banks,* 14 N. H. 113. There the declarations of laborers,

Batchelder *v.* Emery.

employed in cutting and hauling logs, that the logs were taken from a particular lot of land, were offered as evidence of that fact; and it was held, upon the clearest principles, that they were not competent for such a purpose. These men were the agents, indeed, of the defendant, but their authority and duty were simply to cut and haul the timber, and it was no part of that business to answer inquiries as to where they found it.

These cases will suffice to illustrate the principle on which the declarations of an agent are admitted in evidence to bind his employer. The mere circumstance of their having been made of and concerning the business he was employed in, does not give them any such effect, unless the servant had been instructed to make them, or unless they were so connected with the service that they became necessary in the due and effective discharge of it.

The original employment of Harvey was to collect the note which the plaintiff formerly held against Emery; and suppose the aid he gave the officer, in making service of the writ in the present action, was in continuation of that agency, it does not appear to have been any part of it, or necessary to the proper discharge of it, to have made the admissions suggested in the case. The party offering them does not appear to show that the plaintiff had given the agent any instructions which could have required or authorized him, in behalf of his principal, to make the admissions.

His having made the supposed admissions seems to be of no avail, unless as evidence that the facts admitted are true; and if the agent were to be examined as a witness, the proper inquiry would seem to be, not what admissions he made in May, concerning the transactions of the preceding December, but what were the transactions of the earlier period in point of fact.

For these reasons, we are clearly of the opinion that the evidence was properly rejected at the trial, and that there must be                    *Judgment on the verdict.*